■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE J. BARCOMB, Appellant. [636 NYS2d 426] —Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered April 11, 1994, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant admitted to having sexual contact with a seven-year-old girl and pleaded guilty to the crime of sexual abuse in the first degree. The sentence agreed to as part of the plea agreement required that defendant spend six months in jail, five years on probation and participate in the Sexual Abuse Family Education and Restitution (hereinafter S.A.F.E.R) program. However, defendant was subsequently deemed ineligible to participate in the S.A.F.E.R program. As a result of this and County Court's review of the presentence report, County Court announced its intention to impose the harshest sentence and gave defendant the opportunity to withdraw his plea. Defendant declined to do so and was sentenced to $2^1/_3$ to 7 years in prison.

Initially, we reject defendant's contention that his guilty plea was conditioned upon his acceptance into the S.A.F.E.R program. The record reveals that defendant was given the opportunity to confer with his attorney and withdraw his guilty plea after he was advised that the sentence originally agreed to would not be imposed. Defendant chose not to do so even though he knew of the court's intention to impose the harshest sentence. Furthermore, we have considered defendant's claim that he was denied the effective assistance of counsel and find it to be without merit.

Cardona, P. J., Mikoll, Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.